UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| US SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>    v.<br><br>SHUO GU,<br><br>        Defendant. | Case No.  26-mc-80097-JSC<br><br>**ORDER RE: APPLICATION FOR AN ORDER ENFORCING COMPLIANCE WITH SEC ORDER**<br><br>Re: Dkt. No. 1 |

Pending before the Court is the U.S. Securities and Exchange Commission's ("SEC's") Application for an Order Enforcing Compliance with an SEC Order pursuant to Section 20(c) of the 1933 Securities Act ("Securities Act"), 15 U.S.C. § 77t(c), and Section 21(e)(1) of the 1934 Securities Exchange Act ("Exchange Act"), 15 U.S.C. § 78u(e)(1).  (Dkt. No. 1.)[1]  Having carefully considered the SEC's submission, the Court GRANTS the SEC's Application and ORDERS Shuo Gu pay the SEC the outstanding balance due pursuant to the SEC Order, any accrued interest pursuant to SEC Rule of Practice 600, and any post-judgment interest pursuant to 28 U.S.C. § 1961.

## BACKGROUND

On August 4, 2021, the SEC issued an order instituting administrative and cease-and-desist proceedings and imposing remedial sanctions against Ms. Gu, Wendan Bao, LendingCar Corporation, and H7 Credit LLC ("Respondents").  (Dkt. No. 1-2; Dkt. No. 1-1 ¶ 4.)  Issued with Respondents' consent, the SEC order found Ms. Gu had willfully violated Exchange Act Section 10(b) and Rule 10b-5 thereunder; Securities Act Section 17(a); and Investment Advisers Act

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

Sections 206(1), 206(2), and 206(4) and Rule 206(4)-8(a) thereunder.  (Dkt. No. 1-2 at 2, 6.)  The SEC order required Respondents "pay, jointly and severally, disgorgement of $310,000 and prejudgment interest of $29,012.40," with payment waived as to all but $103,000 in disgorgement and post-order interest.  (*Id.* at 8; Dkt. No. 1-1 ¶ 5.)

As of April 3, 2026, Ms. Gu had "not fully satisfied the monetary obligations imposed by this order."  (Dkt. No. 1-1 ¶ 6.)  So, the SEC sought a district court judgment to "obtain post-judgment discovery concerning [Ms. Gu's] assets and financial condition, including through third-party discovery as appropriate."  (*Id.* ¶ 8; *see generally* Dkt. No. 1.)  On April 7, 2026, the Court ordered Ms. Gu show cause by April 30, 2026 why the SEC's Application should not be granted and set a show cause hearing for June 1, 2026.  (Dkt. No. 3.)  Although the SEC has certified its service upon Ms. Gu, she did not respond.  (Dkt. Nos. 6, 7.)  Having considered the SEC's submissions, the Court considered oral argument unnecessary and vacated the show cause hearing.  (Dkt. No. 11.)  *See* N.D. Cal. Civ. L.R. 7-1(b).

**DISCUSSION**

Securities Act Section 20(c) and Exchange Act Section 21(e) authorize the SEC to seek—and grant a district court jurisdiction to issue—orders enforcing an SEC order.  *See* 15 U.S.C. § 78(u)(e); 15 U.S.C. § 77t(c).  So, this Court has subject matter jurisdiction over the SEC's Application pursuant to Section 20(c) and Section 21(e).  *See SEC v. McCarthy*, 322 F.3d 650, 655 (9th Cir. 2003) ("[T]he Exchange Act . . . explicitly provides for district court jurisdiction over actions brought to enforce SEC-ordered sanctions." (quotation marks and citation omitted)).  And because Ms. Gu resides and has been served in California, (Dkt. No. 1 at 2; Dkt. Nos. 6, 7), this Court has personal jurisdiction.  *See J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011).  In addition, the SEC "possesses standing to enforce its Order in district court." *McCarthy*, 322 F.3d at 655.

Because "Section 20(c) of the Securities Act and Section 21(e) of the Exchange Act permit the use of summary proceedings in district court to enforce orders, . . . [a] defendant is afforded due process . . . as long as [s]he has an opportunity to respond meaningfully to the application." *SEC v. Vindman*, No. 06-CIV-14233-LTS-THK, 2007 WL 1074941, at *1 (S.D.N.Y. Apr. 5,

United States District Court
Northern District of California

United States District Court
Northern District of California

2007) (citing *McCarthy*, 322 F.3d at 655, 659).  Because more than two months ago, the Court's Order to Show Cause offered Ms. Gu an opportunity to respond to the SEC's Application, (Dkt. No. 3), Ms. Gu has had an opportunity to respond which satisfies due process.  *See McCarthy*, 322 F.3d at 659 (explaining to "ensure" the defendant "had the opportunity to be heard," the district court "could have, for example, . . . issued an order to show cause as to why the Application should not be granted").

As the above requirements are met, and Ms. Gu has not responded to the Order to Show Cause providing any reason why the SEC's Application should not be granted, the Court GRANTS the SEC's Application.

**CONCLUSION**

For the reasons stated above, the Court GRANTS the SEC's Application and ORDERS Ms. Gu pay the SEC: (1) the outstanding balance due pursuant to the SEC Order of $103,000 in disgorgement, (2) any accrued interest pursuant to SEC Rule of Practice 600, and (3) any post-judgment interest pursuant to 28 U.S.C. § 1961.

Payment may be made electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request made to Disgorgement-Penalty@sec.gov.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at https://www.sec.gov/paymentoptions.  Ms. Gu may also pay by certified check, bank cashier's check, or United States postal money order, made payable to the Securities and Exchange Commission and setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  The funds may be hand-delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> HQ Bldg., Room 181, AMZ-341
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

Payments must be accompanied by a cover letter identifying Ms. Gu as the Defendant in this action, and the name of this Court and the docket number of this action.  A copy of the cover letter and payment confirmation must be sent to Christopher Thomson, Securities and Exchange

Commission, 100 F, St, NE, Mail Stop 5631, Washington, DC 20549.  Upon such payments due under this Final Judgment being fully made, the Commission will provide Ms. Gu with a full satisfaction of Final Judgment and discharge any Final Judgment lien it may have docketed.  If Ms. Gu does not pay the above amounts, the SEC may enforce this Final Judgment through the remedies available by law to collect the unpaid balance.

This Order disposes of Docket No. 1.

**IT IS SO ORDERED.**

Dated: June 18, 2026

_____
JACQUELINE SCOTT CORLEY
United States District Judge